# CASES

## ARGUED AND DETERMINED
### IN THE

# SUPREME COURT
#### OF
# NORTH DAKOTA

WILLIAM SCHEER v. CLINTON FALLS NURSERY CO., A
Foreign Corporation.

(124 N. W. 1115.)

**Sales — Remedies of Buyer — Overpayment — Complaint.**

1. A complaint in an action to recover as for money had and received, *held*
to state facts sufficient to constitute a cause of action where it appears that
the money sought to be recovered consists of an overpayment through mistake
of fact of the purchase price of goods purchased, as a result of a deficiency in
the shipment, although it appears from such complaint that defendant had the
right during a certain season to supply such deficiency, and it is not alleged
that such season had terminated at the time the suit was brought, the parties
having, by contract, expressly stipulated, in effect, that no goods shall be paid
for until actually delivered.

**Sales — Overpayment — Demand — Accrual of Action.**

2. Plaintiff ordered from defendant, under a contract containing a stipula-
tion as above stated, certain nursery stock consisting of trees. The next day,
after delivering same, plaintiff discovered a deficiency in the shipment, and
immediately demanded the return to him of the portion of the purchase price
corresponding to such deficiency, or the balance of the trees.

*Held*, that immediately upon a denial of such demand a cause of action ac-
crued in plaintiff's favor for the recovery of such overpayment.

Note.—The right to recover back overpayments is considered in a note in 24
L.R.A. (N.S.) 517, which shows that the general rule that payments made in mis-
take of fact may be recovered is applicable when it is sought to recover overpay-
ments.

The general question as to when assumpsit lies to recover money paid is the
subject of a note in 38 Am. Dec. 44.

20 N. D.—1.

**Sales — Overpayment — Demand.**
> 3. Other contentions of appellant relative to the sufficiency of the demand and the nature of the action, considered, and overruled.

Opinion filed February 3, 1910.

Appeal from District Court, Wells county; *Edward T. Burke, J.*

Action by William Scheer against Clinton Falls Nursery Company. From a judgment in plaintiff's favor and from an order overruling defendant's motion for a new trial, defendant appeals.

Affirmed.

*Geo. K. Shaw,* for appellant.

*J. J. Youngblood,* for respondent.

FISK, J. This is an appeal both from an order denying defendant's motion for a new trial and from a judgment. The amount of plaintiff's recovery in district court is $18.30 exclusive of costs and disbursements.

The action originated in justice court and was brought to recover the amount of a certain overpayment made by plaintiff to defendant for certain nursery stock consisting of Russian willows theretofore ordered from defendant by plaintiff. Such order was in writing and by its terms provided, among other things, as follows: "If for any reason said Clinton Falls Nursery Company does not make a delivery at said place in above-mentioned season (spring 1906), I agree to take the goods if sent by express C. O. D., provided all charges are paid. Anything that may be left out, the same to be deducted from the amount of the bill." It is thus apparent that under the contract no trees were to be paid for until delivered, and that as to any shortage in shipment the contract price thereof was to be deducted from the total price to be paid.

It is undisputed that the shipment when delivered to plaintiff was short to the extent of 583 willows, the contract price of which was 3 cents apiece, and that plaintiff did not discover such shortage until the next day after receiving the trees and paying the full bill, when he immediately demanded of the defendant's agent or servant to whom he

made such payment the repayment to him of the amount of such excess payment. Appellant's assignments of error do not require extended notice.

It is first contended that the complaint fails to allege facts sufficient to constitute a cause of action, the point being that the complaint upon its face discloses that the action was prematurely brought for the reason that it is therein alleged that this nursery stock was to be delivered sometime during the planting season of 1906, and there is no allegation as to when such planting season commenced and terminated. In other words, the contention is that no cause of action could accrue to plaintiff until such planting season terminated, as, up to that time, defendant had the contract right to supply the deficiency in such shipment. Such contention is manifestly unsound, and is based upon a clearly erroneous conception of plaintiff's rights.

Plaintiff, as before stated, was not to pay for any trees until delivery, and any shortage in shipment was to be deducted from the total agreed purchase price. This being true, a cause of action immediately arose in plaintiff's favor upon discovery of such shortage, to recover the excess payment, as for money had and received by defendant to plaintiff's use. While defendant had the right to deliver such trees and to collect therefor at any time during such planting season, it had no right to retain money paid to it by plaintiff, through mistake, in excess of the price of the trees actually delivered. This is too plain for discussion.

This disposes of appellant's first two assignments of error.

It is next urged by appellant's counsel that, during such planting season, defendant tendered to plaintiff the balance of such willows, which tender was refused. Counsel failed to direct our attention to any testimony in the record sustaining his contention. It is true the witness Saunders testified that he tendered to plaintiff certain willows which were in the livery barn and which had previously been ordered by one Hunt, but plaintiff denies such tender, and the most that can be claimed is that there is a conflict in the testimony regarding such tender. This being true, we are not disposed to disturb the findings of the jury, especially in view of the fact that the trial court, on motion for new trial, refused to disturb such findings.

It is also urged by appellant's counsel that plaintiff repudiated his contract by bringing this action prior to the expiration of the planting season of 1906, and hence defendant was not bound to offer to further perform its part of the contract. We are at a loss to understand how the attitude of plaintiff in seeking to recover this excess payment, made through mistake of fact on his part, could thus operate. We think such contention is sufficiently answered by what we have heretofore stated regarding the rights of the respective parties growing out of such contract of purchase.

What we have just said regarding the last assignment sufficiently disposes also of the fourth assignment, which is predicated upon the erroneous theory that the action is one to recover damages for the nonperformance of the contract. It is not a case for the recovery of damages, nor did plaintiff in any manner rescind or attempt to rescind the contract, hence what is said in appellant's brief under his fourth assignment of error is wholly inapplicable to the case at bar as we view it. There was no necessity of plaintiff rescinding the contract as a condition to his recovery of such excess payment.

Appellant's last contention, that no demand was made by plaintiff upon defendant prior to suit for the return of such money, is, we think, without merit. The contention is that such demand should have been made on defendant at its home office in Owatonna, Minnesota, instead of upon its representative in this state, Saunders, to whom such moneys had been paid. We think the demand upon the latter, under the circumstances, was sufficient, if a demand was necessary. Furthermore, it is quite apparent from defendant's attitude that any demand wheresoever or upon whomsoever made would have been unavailing.

The order and judgment appealed from are affirmed. All concur.